Brewer **ADAMS**, Defendant Below, Appellant,

v.

**DELAWARE HARNESS RACING COMMISSION**, Plaintiff Below, Appellee.

No. 70, 2010.

Supreme Court of Delaware.

Submitted: June 23, 2010.

Decided: Aug. 3, 2010.

---

Ronald G. Poliquin, Esquire, Young, Malmberg & Howard, P.A., Dover, Delaware for Appellant.

Robert W. Willard, Esquire, Department of Justice, Wilmington, Delaware, for Appellee.

Before HOLLAND, BERGER, and JACOBS, Justices.

BERGER, Justice:

In this appeal we consider whether the Delaware Harness Racing Commission (DHRC or Commission) improperly sanctioned a horse trainer after his horses tested positive for a prohibited drug. Appellant contends that his appeal to the Commission should have been dismissed; that his hearing was not fair and impartial; and that the Commission failed to consider mitigating circumstances. We find no merit to these claims, and AFFIRM.

### Factual and Procedural Background

In November 2008, horses trained by Brewer Adams tested positive three times for Buprenorphine, a prohibited Class 2 drug. Following applicable procedure, two urine samples were taken from Adams' horses after each race. The primary samples were tested at a DHRC approved laboratory. Adams exercised his right to have the secondary samples tested else-

where, and Adams instructed that the samples be sent to Louisiana State University's laboratory. Adams was present when the secondary samples were packaged. A DHRC representative drove the samples to the United Parcel Service for shipment to LSU, and received a receipt for each package. Unfortunately, the samples never arrived at LSU, and they could not be found.

Based on the results of the primary samples' testing, the judges at Dover Downs issued three Notices of Fine or Suspension imposing the following penalties: i) $3,000 fine; ii) loss of the purse money from the races at issue; iii) a 270 day full suspension; and iv) the cost of testing. Adams appealed, and a hearing was conducted by Hugh Gallagher, Administrator of Racing, on March 18, 2009. At the start of the hearing, Adams moved for a determination that Gallagher could not be objective and should not hear the matter. In addition, Adams sought a determination as to the effect of the lost secondary samples. Gallagher denied both motions and the parties presented their evidence. Adams testified, among other things, that he never received notice of the hearing.

Gallagher reserved decision, and stated that he would "keep open" the option of requesting additional evidence concerning the notice issue. On April 9, 2009, Gallagher notified the parties that he was considering allowing additional evidence concerning notice. The evidence consisted of an envelope stamped "unclaimed" and a certificate of service, executed on April 9, 2009, stating that the notice was hand delivered on December 18, 2008. Gallagher gave the parties five days to "inspect and rebut" the evidence. Adams responded with a letter objecting to the new evidence and renewing objections to Gallagher's participation in the appeal.

On May 5, 2009, Adams moved to dismiss on the ground that the hearing officer failed to issue a decision within 30 days of the hearing, as required by DHRC Rule 10.3.13. Six days later, Gallagher issued an Interim Order responding to Adams' claim that he was not impartial. Gallagher decided that, "in the interest of justice," the appeal should be referred to the Commission for hearing and resolution. Gallagher denied Adams' motion to dismiss as moot.

The Commission heard Adams' appeal *de novo* on June 9, 2009. On the same day, the Commission issued a decision affirming the judges' findings and the penalties imposed on Adams. In January 2010, the Superior Court affirmed the Commission's decision. This appeal followed.

## Discussion

 Adams first argues that Gallagher's failure to render a decision within 30 days of the initial hearing violated his due process rights. DHRC Rule 10.3.13.1 does require that a final order be issued no later than 30 days after the conclusion of a hearing. But the failure to comply with that rule does not automatically result in a deprivation of due process. As this Court noted in *Dugan v. Delaware Harness Racing Commission*,[1] "[i]f an agency rule is designed 'to afford ... due process of law by providing safeguards against essentially unfair procedures,' the action which results from the violation of that rule is invalid." The 30 day rule, however, "is intended to expedite the issuance of opinions ... [and] does not enlarge or diminish any substantial rights of appeal...."[2] Thus, absent a

1. 752 A.2d 529, 531 (Del.2000).

2. *Richards v. Delaware State Harness Racing Commission*, 1998 WL 960717 at *2 (Del.Super.Ct.).

showing of prejudice, the failure to comply with the 30 day rule is not actionable.

■ Adams claims that a prolonged denial of one's livelihood constitutes substantial prejudice, warranting dismissal. He points out that horse owners must find new trainers during his suspension, and that they are likely to continue with their new trainers even when the suspension is later reversed. There are two responses to this argument. First, there was no prolonged delay in the hearing process—the Interim Decision was issued 53 days after the hearing. Second, the harm Adams has suffered is not the result of the slight delay in the first decision. It is the result of the sanctions imposed on him for drugging his horses.

Adams next argues that the conduct of the two Deputy Attorney Generals—one representing the State and the other representing the Commission—deprived him of a fair and impartial hearing at the June 9th hearing. Adams complains that a variety of statements by both attorneys misrepresented past proceedings and cast Adams in a bad light. After reviewing the record, we are satisfied that Adams' claims of misconduct are without merit. As the Superior Court noted, "[n]ot only did the attorneys involved act appropriately and professionally, they afforded great latitude to Appellant, who was representing himself." [3]

■ Finally, Adams argues that the Commission failed to consider mitigating and extraordinary factors in imposing its penalties. He notes that, because the secondary samples were lost, he was unable to rebut the findings from the first test. In addition, Adams was notified of the first two violations at the same time, while a third horse was racing. Thus, he had no opportunity to protect against medicated injections. Adams also points out that he had no prior violations and that he was unrepresented at the Commission hearing. The argument, as we understand it, is that he would have been able to convince the Commission to dismiss the charges if he had counsel. We find this argument unpersuasive because the Commission was lenient with Adams. It treated all three offenses as first offenses and imposed the minimum penalties.

## Conclusion

Based on the foregoing, we conclude the Commission's decision was based on substantial evidence and free from legal error. Accordingly, we affirm the judgment of the Superior Court.

---

3. *Adams v. Delaware Harness Racing Comm'n,* 2010 WL 201208 at *5 (Del.Super.).